CARLIN, McDONALD & BLAIR, Respondents, v. NAT-
IONAL BANK OF COMMERCE of Kansas City, Mo.,
Appellant.

**Kansas City Court of Appeals, February 4, 1901.**

1. **Appellate and Trial Practice: INSTRUCTION COMPLICAT-
ING CASE: HARMLESS ERROR.** Ordinarily an instruction of
the prevailing party, including in its hypotheses immaterial facts
thereby complicating his case and rendering his recovery more diffi-
cult, while erroneous, would be harmless.

2. **Evidence: EQUALLY BALANCED CASE: IMMATERIALITY:
REVERSAL.** Where the evidence relating to the material issues in
a case is evenly balanced, it can not be stated as matter of law that
a mass of immaterial and irrelevant testimony had no influence
on the minds of the jury in inducing a verdict; and besides, a
party is entitled to a trial on the material and decisive issues
disconnected with immaterial issues and facts.

Appeal from the Jackson Circuit Court.—*Hon. E. P. Gates,*
Judge.

REVERSED AND REMANDED.

*Elijah Robinson* for defendant.

(1) Evidence that is not relevant to the issue should
never be admitted, especially where it is calculated to induce
a verdict that otherwise would probably not be rendered. Fer-
guson v. Thacher, 79 Mo. 511; Frederick v. Allgaier, 88 Mo.
598; State v. Blunt, 91 Mo. 503; Mathias v. O'Neill, 94 Mo.
520; Bank v. Bank, 64 Mo. App. 253; Weber v. Ins. Co., 5
Mo. App. 51; Jackson v. Smith, 7 Cowen 719; Thompson v.
Bowie, 4 Wallace 463. (2) The court committed error in the

Carlin v. Bank.

admission of evidence and in its instructions, and a presumption of prejudice arises, and the judgment must be reversed unless the record shows, beyond a question, that no prejudice actually resulted to the defendant from the errors committed by the court.   State v. Simms, 68 Mo. 305; McDonald v. Matney, 82 Mo. 358, 366; Dayharsh v. Railroad, 103 Mo. 570, 577; Green v. St. Louis, 106 Mo. 454; State ex rel. v. Claudius, 1 Mo. App. 566; Clark v. Fairley, 30 Mo. App. 335; Suttie v. Aloe, 39 Mo. App. 43; Walton v. Railroad, 40 Mo. App. 550; Bindbeutal v. Railroad, 43 Mo. App. 463; Walter v. Hoeffner, 51 Mo. App. 50; City of Clarence v. Patrick, 54 Mo. App. 467; Deery v. Carry, 5 Wall. 807; Smith v. Shoemaker, 17 Wall. 639; Gilmer v. Higley, 110 U. S. 50; Railroad v. O'Brien, 119 U. S. 103; Potter v. Railroad, 46 Ia. 399; Stafford v. Oskaloosa, 57 Ia. 750; Gillett v. Corum, 5 Kan. 614; Hall v. Jenness, 6 Kan. 364.

*Ellis, Cook & Ellis* for respondents submitted an argument.

SMITH, P. J.—Action for money had and received. Answer, a general denial.   Judgment for plaintiff and defendant appealed.   As appears from both the pleadings and the evidence, the decisive issues in the case were few and simple and may be stated in this wise:

1.   Whether or not the Stock Yards Bank of St. Joseph remitted to the defendant, the National Bank of Commerce at Kansas City, the sum of $1,407.02, or any part thereof, with directions to that bank to place the said amount to the credit of Hoffhines & Goggerty.

2.   Whether or not the defendant received from the said Stock Yards Bank the said sum of $1,407.02, or any part

Vol 86 app—38

thereof, with directions to place the same to the credit of the said Hoffhines & Goggerty.

3. Whether or not, if the said Bank of Commerce, the defendant, received of said Stock Yards Bank the said sum of $1,407.02 with directions to place the same to the credit of the said Hoffhines & Goggerty, the latter, before the commencement of this action, assigned their right and interest in said remittance to the plaintiffs.

4. Whether or not said Hoffhines & Goggerty, or the plaintiff demanded and the defendant refused payment of the amount of said remittance.

Evidence tending to prove the affirmative of these issues would be sufficient to establish the plaintiffs' prima facie right to recover.

In addition to the issues just referred to, the petition tendered a great number of other immaterial issues which were submitted to the jury by the plaintiffs' first instruction. These issues were in substance (1) whether or not Hoffhines & Goggerty were partners and as such were the general owners of the cattle described in a certain mortgage? (2) whether or not said mortgage was still in force and whether or not the debt thereon was valid and unpaid? (3) whether or not Hoffhines & Goggerty shipped said cattle to St. Joseph and there procured the commission firm of Wright, Hanna & Gilchrist to sell the same upon the market? (4) whether or not Hoffhines & Goggerty for the purpose of paying said chattel mortgage debt directed said commission firm to transmit the sum realized by them from the sale of said cattle to the defendant to be held by it for the use of the said Hoffhines & Goggerty? The court as requested by said instruction in effect told the jury that even though they found the material issues, already referred to, for plaintiffs, they were not entitled to recover unless they further found for them (plaintiffs) the immaterial issues stated in the preceding paragraph.

The plaintiffs by their pleading, evidence and instruction needlessly made their right to recover depend upon the establishment of immaterial and irrelevant facts. And by including within the hypotheses of their instructions immaterial facts, they thereby unnecessarily complicated their case and rendered a recovery by them the more difficult. Ordinarily, such an instruction as this, while erroneous for the reasons already indicated, would not be harmful to the defendants.

The plaintiffs introduced in evidence, over the objections of the defendant, a chattel mortgage executed by Fred Breitkreutz and Roy Hoffhines to plaintiffs on certain cattle—the same being those from the sale of which by the St. Joseph commission firm· the money in controversy was derived—to secure the payment of a promissory note for $1,432.78 due by the mortgagors to plaintiffs. Later on, the defendant by an instruction requested the court to exclude the said mortgage from their consideration, which request was refused. This mortgage was wholly immaterial and should not have been received in evidence, or if so it should have been afterwards excluded by the instruction requested by defendant.

To most of the evidence introduced by the plaintiff in support of the affirmative of the various immaterial issues which were injected into the case, the defendant interposed its objections, which were by the court overruled, and improperly so as we think. The evidence bearing on the material and decisive issues in the case was sharply in conflict. The case on it was so evenly balanced that a verdict thereon, the one way or the other, would not have been disturbed for being against the weight of the evidence. We can not say that the introduction of so much immaterial and irrelevant evidence had no influence on the mind of the jury. It may be that such evidence disclosed to the jury the existence of some fact or circumstance that seemed to it sufficient to turn the scale which otherwise would have remained *in equilibrio*. And it may have been

that the jury concluded that if said chattel mortgage which the court refused to exclude from its consideration was a valid and unsatisfied lien in favor of plaintiffs on the cattle sold by Hoffhines & Goggerty through the St. Joseph commission firm that they, plaintiffs, in consequence thereof were entitled to a greater right to the proceeds of such cattle sale in the hands of the defendant than they otherwise would have been. It can not be said, as a matter of law, that the great mass of immaterial and irrelevant evidence, which the court permitted the plaintiffs to introduce over the objections of the defendants, had no influence on the mind of the jury in inducing the verdict.

The defendant was entitled to a trial on the material and decisive issues disassociated and disconnected with so many that were immaterial and performed no other office than to mislead. If the court had confined the evidence to the proof of such facts as were within the limits of the material issues in the case we should have been better satisfied with the verdict. In view of the way the case went to the jury, we feel constrained to reverse the judgment and remand the cause. All concur.